IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MARIO GARCIA, Defendant. | CASE NO: **2:22-MJ-424** **DETENTION ORDER** |

The defendant is on supervised release and has been accused of violating it. The court afforded the defendant an opportunity for a detention hearing under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1). The court concludes the defendant must be detained pending the revocation hearing.

Based on the information of record, the court finds that the defendant's release would pose an unmanageable risk of flight and an unmanageable risk of harm to the public. The defendant has simply failed to meet the burden under Federal Rule of Criminal Procedure 32.1(a)(6) of proving the risks posed to be manageable, by clear and convincing evidence.

Specifically, the court finds that the defendant

☐ has a criminal record which indicates a propensity to violate the law and court orders;
☐ has a criminal record which indicates a propensity to violate court orders;
☐ has violated the conditions of release previously imposed by the court;
☐ has a propensity to or history involving harm or threatened harm to others;
☐ is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released;
☐ was not truthful with probation and therefore poses a substantial risk of noncompliance with supervision;
☐ is not a United States citizen, is subject to an ICE detainer, or faces deportation;
☐ has a history of unlawfully possessing or using dangerous weapons;
☐ has substantial contacts with a foreign country and could flee the country;
☐ has limited contacts with the community;
☐ lacks indication of a stable residence;
☐ has limited employment contacts;
☐ has failed to appear for court proceedings in the past;
☐ is currently in state custody;
☐ committed an alleged crime while on supervision;
☒ allegedly absconded from supervision, failing to stay on contact with probation
☐ has treatment needs that cannot be met by supervision conditions which will pose a risk of harm if the defendant is released;

☒ submitted on the issue of detention, failing to meet his/her/their burden to establish the risks he/she/they pose are manageable;

and conditions which restrict the defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor the defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Mr. Garcia made no attempt to meet his burden to show, by clear and convincing evidence, that the risk of flight and danger to the community he poses can be managed.

**Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the correctional facility must deliver the defendant to the United States Marshal for a court appearance.

Dated July 1, 2022.

BY THE COURT:

Daphne A. Oberg

Magistrate Judge Daphne A. Oberg